pg 1 of 9

United States of America,
Plaintiff

Case Number 22cr 222

v.

Dwayne Villafuerte

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 18 2023

JEFFREY P. COLWELL
CLERK

## MOTION FOR LEAVE TO PROCEED and MOTION REQUEST FOR A SECOND COMPETENCY EXAMINATION

Comes Now the defendant on a motion for leave to proceed and request for a second competency evaluation. For what grounds states as follows:

(a) This court issued a stay order until the completion of the previous competency evaluation.

(b) However, that evaluation was stopped by the defendant before the evaluation even began or was finished for several reasons having nothing to do with him. And having everything to do with Advisory Counsel and His investigator refusing to do they're job when assisting the defendant during his quest for caselaw, statute, and evidence.

[Along with] this court agreeing to give the defendant time to gather that evidence, then authorizing the evaluation before the defendant even recieved that evidence.

(1) Yet, the court then ordered a competency hearing for October 19th, 2023.

(2) Therefore the defendant requests for leave to proceed and defendant requests a second competency evaluation [now] and is going to be requesting a second competency evaluation [then] during the October 19th 2023 hearing.

## DUE PROCESS PROHIBITS A TRIAL OF AN INCOMPETENT DEFENDANT

The defendant is requesting a second examination [now], and is going to be requesting a second examination [then]. But this examination cannot begin to take place until after defendant recieves all his evidence and doctor reports!
emphasis added

Period point blank, the law REQUIRES a court to suspend any criminal proceedings whenever a question of a defendants competency is properly raised. citing 1972 Colo Session Laws at 229; Morino, 743 P.2d at 51.

And, a defendants right to due process is violated if a trial court does not afford the accused an [adequate hearing] concerning his competency. Citing Corichi, 18 P.3d at 816.

The court is [then] required to make a preliminary finding that a defendant is or is not competent to proceed. citing 1972 Colo. Sess Laws at 229.

Due process prohibits the trial of an incompetent defendant. citing Dusky v. United States, 362 U.S. 402, 403 (1960); Bican v. People, 185 P.3d 797, 808 (Colo. 2008), Superseded by statute as stated in People in Interest of W.P., 2013 CO 11, 295 P.3d 514. Because defendant is representing himself, extra care should be taken to ensure he is competent and his rights are protected. See U.S. v. Deshazer, holding constitution permits applying higher standard to determine competency to represent oneself versus to stand trial. A competency hearing is a critical stage of the proceedings in court. citing U.S. v. Ross, 703 F.3d 856, 874 (6th Cir. 2012)



Once the court has a "bonafide doubt" of the defendants competency, citing Morino, 743 P.2d at 51, it has the discretion to order a competency examination [or other investigation] if it believed that the information before it was insufficient to make a preliminary finding of competency, 1972 Colo. Sess. Laws at 229.

pg 2

Clearly the Court and Prosecution are alleging they both have a bona fide doubt of the defendant Villafuerte's competency!
emphasis added

OFFER OF PROOF
ON INCOMPETENCE TO PROCEED
SUPPORTS REQUEST FOR SECOND
COMPETENCY EXAMINATION

A defendant is incompetent if the defendant is suffering from a mental disease or defect which renders him incapable of understanding the nature and course of the proceedings against him,

or participating or assisting in the defense,

or cooperating with defense counsel.
Citing Bloom, 185 P.3d at 808, and Dusky, 362 U.S. at 402

The test for competence is whether defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him".

If a "sufficient doubt" of competency has been raised, a trial courts failure to make a [proper] competency determination violates a defendants right to due process. Citing People v. Kilgore, 992 P.2d 661, 663 (Colo. App. 1999). Here in Villafuerte's case, both the court and the prosecution allege that Villafuerte is delusional and demonstrates some level of detachment from reality. Stating that Villafuerte's conduct goes beyond the mere presence of a mental disorder. Here in this case with the defendant Villafuerte, both he, the presiding judge, and the prosecuting attorney raise "bona fide doubt" about the defendants competence, such that the trial court should order a second competency examination, similar to Morino, 743 P.2d at 51.

Therefore, the defendant supports his request for a second competency examination with evidence of possible incompetence.
emphasis added

The only medical evidence considered from the initial competency examination was from only one day of being examined and questioned by the competency exam doctor due to the examination being stopped by the defendant for justifiable reasons.
Pg 3

This was not sufficient enough to make a preliminary finding of competency. Citing 1972 Colo. Sess Laws at 229.

# QUESTIONS and CONCERNS
## THAT ONLY A PSYCHIATRIC or PSYCHOLOGICAL EXAM EXPERT CAN ANSWER

This doctor from the initial exam therefor did not nor could not offer an opinion on whether defendant was competent to stand trial or represent himself, and did not nor could not conclude that he was incompetent to stand trial under the Bloom standards.

However,                                                           pg 4

With regards to cooperating with defense counsel, Mr. Andres is merely a standby Advisory counsel who is required to participate and assist the defendant upon request. [Not the other way around.]
                    emphasis added

Yet Advisory counsel continues to fail miserably at doing so as outlined in defendant recent motion to have him removed from his case. [Although I don't know that that finding is necessary].

Same thing applies for whether or not the defendant has sufficient present ability to consult with "his lawyer" with a reasonable degree of rational understanding.

Its clear to see [and record reflects] the defendant has the ability to consult with Mr. Andres with a reasonable degree of rational understanding — even though Andres is merely Advisory Counsel.

The defendant has repeatedly given Mr. Andres and his investigator multiple chances to do what they were hired to do — and what he requested for them to do. And both have failed to do so intentionally with a reasonable degree of rational understanding, which is quite obvious from the defendants motion for removal. [Not the other way around]!
                    emphasis added

The defendant clearly has a rational understanding of the proceedings against him. However, the court and prosecution believes otherwise.
                    emphasis added

Therefore, the only questions left are whether or not the defendant has a mental disease or defect which renders him incapable of understanding the nature and course of the proceedings against him.

➡ whether or not the defendant has a factual understanding of the proceedings against him.

And whether the defendant can represent himself as his own attorney..... because of that!

These are all concerns, and
These are all questions that only a certified Mental Health Expert can answer after a full and complete examination!
                    emphasis added

P.T.S.D. IS CONSIDERED A DISABILITY
UNDER A.D.A. STANDARDS
DEFENDANT WAS DIAGNOSED WITH P.T.S.D.
and BIPOLAR MANIC DEPRESSIVE ILLNESS by
PUEBLO COLORADO HEALTH SOLUTIONS PSYCH DOCTORS
DEFENDANT ALSO SUFFERS FROM the PSYCHOLICAL EFFECTS of CONFINEMENT
THE BOP PSYCH DOCTOR WAS UNEDJUCATED IN the PHYCHOLOGICAL
**EFFECTS OF SOLITARY** m 5 **CONFINEMENT**

The prosecution and court also mention some strong points about the defendants diagnosed Mental Illnesses. That being P.T.S.D. and Bipolar Manic Depressive Illness. And the fact that he also suffers from the Psychological Effects of Prolonged and Continuous Administrative Segregation and Solitary Confinement [without medication]

This causes red flags because this and the charactiristics of this mental Illness [on some people] do include Hallucinations, dellusions, and Paranoia, along with a long list of other symptoms and charactiristics.

However, only a licensed professional Mental Health Expert who is edjucated in these areas specificly can offer up opinions on whether or not the defendant is competent, and conclude that the defendant is competent or incompetent to stand trial or represent himself as his own attorney.

Especially edjucation on the serious psychological effects of prolonged and continuous Administrative Segregation and Confinement. The initial doctor that examined the defendant was not edjucated in that level of expertise. We need one who is.

In addition to that, BOP Psych doctors should have never conducted the competency exam on the defendant in the first place due to the conflict of interest.

There is a conflict of interest with BOP and Marshall Psych doctors conducting the evaluation on the defendant because BOP and Marshalls are unlawfully housing the defendant in 23 hour segregation and confinement, and has been for several months now.

Now the defendant has pending grievances, complaints, and legal matters against BOP and Marshalls [behind this unlawful segregation] that have been pending since before the initial competency examination began!
                                    emphisis added

It is cruel and Unusual Punishment and Illegal to house Seriously Mentally Ill inmates and protective Custody inmates in segregation and confinement.
   See Attached Exhibit A — defendants recent letter to Marshalls
   and President Obamas Guidelines and Policies for BOP related to Mental Illness and segregation.

REPEATED FALSE STATEMENTS
by JUDGE DOMENICO and D.A. McINTYRE
In REQUEST FOR COMPETENCY EXAMINATION

However,                              pg 6

It should be noted with emphasis once again that both the Prosecuting Attorney and Presiding Judge continue to make [repeated false statements] about the issues and actual facts of this case. And are now doing the same as it pertains to the defendants symptoms of mental Illness:

Judge Domenico and Prosecutor McIntyre falsely stated that the defendant has great difficulty understanding, speaking, reading, and writing english due to mental Impairment.
See defendants motion for Recusal and Change of venue dated August 20th 2023 referral to the Chief Judge of the District

Both the Prosecuting attorney McIntyre and Judge Domenico also falsely stated that the defendants claims of physical and sexual abuse are false, delusional, or simply not true.

Without a proper evidentiary hearing, and viewing of actual medical expert testimony, along with the physical evidence and doctor reports of prior incidents involving the same group of Law Enforcement and Joint Terrorist Task force members herassing and abusing the defendant through the use of surveillance,

".... Judge Domenico and Mr. McIntyre cannot state with certainty that the defendants allegations of physical abuse and sexual assault are false, delusional, or simply not true after a failed investigation and cover-up [emphasis added] by Washington County Sheriffs.

Again, the defendant has actual evidence in doctor reports of this abuse while in the Colorado Department of Corrections in 2019 alone.
We're talkin documented injuries which were seen and verified by the doctor who examined him for injuries.
                    emphasis added

I cant possibly emphasize that enough!

Judge Domenico and Mr. McIntyre cannot say that and then argue that as evidence that the defendant does not have a factual understanding of the proceedings against him. Or is incapable of understanding the nature and the course of the proceedings against him. And they cannot say that to argue as evidence that the defendant is suffering from a mental desease or defect which renders him incapable of understanding the nature and course of the proceedings against him,
                    emphasis added

The prosecuting attorney also made false statements about how the defendants abuse allegations cannot be true because the defendant was not incarcerated for many many years during the last 25 years for prolonged and continuous periods of time

Then the prosecution basicly went and used defendants actual evidence of that being true and put it inside his supplemental motion to request a competency evaluation. He cannot have it both ways? He cant argue that this was false in order to request for an evaluation. Then also argue that this is true in order to request for an evaluation!
    emphasis added

The prosecution further exagerates his false statements by saying that the defendant assured the court he had the ability to [Understand] the issues and make decisions in this case, these assurances [seemed] to directly contradict defendants prior statements

However, although the defendant did reference his severe mental Illness and how there was the improper posit and implication of defendants guilt by detectives when identifying the crimes charged in the indictment along with the threat that defendant was looking at alot of time in prison according to officers or these detectives using the threatening and menacing tone of voice — basicly telling him that he has to talk if he wants to save himself

And how the mistreatment through forceful and coercive police activity — as well as the threatening presence of several officers [and other things] is what improperly influenced the defendants confessions who already suffers from severe mental Illness which makes threatening stressful, and intimidating circumstances — such as those at the time of his arrest even more threatening, stressful, and intimidating.

This right here is another thing that would definitely require the defendant to undergo a psychiatric or psychological examination by a qualified expert educated in P.T.S.D., Bipolar manic Depressive Illness, and the psychological effects of solitary confinement to aid in the courts determination of the defendants competency!
    emphasis added

The prosecution attempts to make further false statements that the defendants conduct in this case goes beyond the mere presence of a mental disorder — simply because his slow thinking.

emphasis added

Although the defendant has slight difficulty with his memory — as witnessed in court and during video recorded police interviews, it is not so bad that he is not able to defend himself, instruct/Advisory Counsels, Assist Advisory Counsels, and do the same with investigators, as witnessed by this court in defendants multiple motions pertaining to them!

emphasis added

The list goes on, but most importantly, it bothers me how Judge Domenico and Mr. McIntyre can easily pretend that Sexual Assault, Sexual Abuse, Sexual Sadism, and torture is not happening during Covert surveillance involving Law Enforcement, and Joint Military terrorism task forces when [the attached Exhibit] records literally show that there are literally hundreds or thousands of convicted sex offenders in the military, and literally thousands of sexual assaults happening in the military during active duty.

Infact, attached exhibit A-1 literally shows that in the year 2018 alone there were 21,000 reported sexual assaults in the military. And that's just the ones that were reported.

emphasis added

I can't possibly emphasize that enough how these things are really happening to the defendant on a daily basis. And have been happening to him for many years.

This has to stop now. This stops here. Please grant the defendants motion for a Second competency examination and his attached motion for subpoenas in order to help prove that he is under surveillance, and this has been happening!

Pg 8

CERTIFICATE OF MAILING

I certify on this 12th day of October 2023 that I have mailed a true and correct copy of this motion to the following:

United States District Court

Pg 8

(Exhibit A)

page one of two

To: Marshals

RE: Transfer to Nevada Southern Detention Center
DATE: August 23rd 2023

FROM: Dwayne Villafuerte
# 11306-510

According to the Prosecuting Attorney in my case (Mr. McIntyre) Marshals is in control of where I move for my safety. Not the Courts or Prosecuting Attorney.

I've already written you a letter once before detailing all of my custody issues, and it was recently confirmed that you recieved it by the prosecuting attorney.

According to the facility staff here at the federal correctional Institute I am on the list to be moved, but I've been here for several months already and still havent been transfered.

This facility is unlawfully detaining me in segregation (See Attached Exhibit A President Obamas Guidelines and Policies for BOP) People with Severe Mental Illness and inmates in Protective Custody

I suffer from Severe Mental Illness [Bipolar and P.T.S.D.] and segregation lockdown is worsening my mental Illness even more to the point where it [has and continues] to cause lifelong Psychological Effects.

# MENTAL HEALTH
## PRESIDENT OBAMA'S GUIDELINES FOR USE OF SOLITARY CONFINEMENT and POLICIES FOR [BOP]
## PEOPLE WITH SERIOUS MENTAL ILLNESS and INMATES IN PROTECTIVE CUSTODY

Seriously mentally ill inmates should be moved to treatment units, and therapeutic nondisciplinary units.

The American Psychiatric Association (APA) issues a statement that prisoners with Serious Mental Illness should rarely be kept in solitary confinement and, when they are in such conditions, must recieve extra clinical support.

The APA issues its position statement on segregation of prisoners with Serious Mental Illness, with rare exceptions, should be avoided due to the potential for harm to such inmates.

Colorado bans the use of solitary confinement on inmates with Serious Mental Illness.

See Rick Raemisch and Kelly Wasko statement on "Open the Door" — Segregation Reforms in Colorado, Colorado Department of Corrections, 2015 www.colorado.gov/pacific/cdoc/news/open-door-segregation-reforms-colorado.

Rick Raemisch is the Executive Director of the entire Colorado Department of Corrections who voluntarily entered into 24 hours of solitary confinement personally before issuing his statement.
*emphasis added*

President Obama issued new guidelines for use of solitary confinement and new policies for the BOP. The new policies include a ban on restrictive housing and the expansion of alternative housing options for people with Serious Mental Illness or inmates in Protective Custody.

Colorado announces that it has abolished long-term solitary confinement, capping 23 hour per day isolation to a duration of fifteen days and guaranteeing that anyone held longer than that must have atleast four hours out of their cell per day to interact with others.

page two

Therefore, with all due respect, I'm asking to be transferred immediately to another facility with less restrictive housing and alternative housing options that houses serious Mentally Ill People and inmates in Protective Custody like me.

Preferably Nevada Southern Detention Center located in Pharump Nevada at 2190 E. Mesquite Ave 89060 if it houses Serious Mentally Ill People [or] inmates in Protective Custody

As previously mentioned, Goshen County Detention Center was good too. They had several empty pods — including the two cell pod where they housed me and other P.C. inmates.

Although they didn't like housing other [male] federal inmates there because they were trying to control the entire facility, they didn't mind housing me there because I'm, quiet, and I don't cause any problems — so if you tell them it's only me I'm sure they won't mind.

~~[scribbled out text]~~